IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARKUS CRAWFORD, # N-30639, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 12-cv-1094-MJR ) |
| TERESA CASTEEL,<br>C/O BROWNING, | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Shawnee Correctional Center ("Shawnee"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently serving a 20 year sentence for burglary. Plaintiff claims that the actions of Defendant Casteel, a law librarian at the facility, have effectively denied him access to the courts. More specifically, Plaintiff complains that, when he requests copies of his legal materials, he feels that Defendant Casteel takes an overly long time to copy his legal materials and is, in fact, improperly reading the content. He states that he has "had words" with Casteel over this matter which eventually led to disciplinary proceedings (Doc. 1, p. 8). (Those proceedings and their disposition, while not the subject of the present case, are being litigated by Plaintiff in other pending federal proceedings). Plaintiff states that Defendant Casteel's actions have prevented him from obtaining copies to serve defendants and prepare exhibits in his numerous lawsuits.

As to the remaining defendant, Correctional Officer Browning, Plaintiff states that Browning spoke to him about aggressive verbal interactions with Defendant Casteel and warned him not to repeat the behavior or else risk disciplinary action.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendant Casteel or Defendant Browning for denial of access to legal materials or to the courts.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Where the record shows that an inmate has filed motions and pleadings with the court, and cannot show any hindrance to his ability to pursue a meritorious claim, a claim cannot be maintained for denial of access to the court. See *United States v. Sykes*, 614 F.3d 303, 311

2

(7th Cir. 2010) (finding no deprivation of court access when defendant filed three motions to dismiss).

Plaintiff currently has eight pending federal cases, six of which have been filed in the Southern District between October 9, 2012 and October 30, 2012. Defendant does not make a single allegation which would describe an actual or potential limitation on his access to the courts.

Even if the Court were to construe Plaintiff's claims against Defendant Browning as harassing in nature, Plaintiff would not state a constitutional claim. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam) (Eighth Amendment); *Patton*, 822 F.2d at 700 (due process); *Williams*, 180 F.3d at 705-06 (equal protection). *See generally Shabazz v. Cole*, 69 F.Supp.2d 177, 199-201 (D. Mass. 1999) (collecting cases).

**Pending Motions**

Plaintiff's Motion for Appointment of Counsel is **DENIED** as moot (Doc. 2).

The motion for a copy of the complaint in this matter is **DENIED** (Doc. 5). Copies of documents are mailed to litigants only upon prepayment of the $0.50 per page charge. *See* 28 U.S.C. § 1914(b); §(4) of The Judicial Conference Schedule of Fees. Should Plaintiff wish to order a copy of the complaint in this case (Doc. 1), the fee shall be $7.00 for 14 pages.

**Disposition**

Plaintiff's allegations against Defendants for denial of access to the courts fail to state a claim upon which relief can be granted and are **DISMISSED** without prejudice. Defendants **CASTEEL and BROWNING** are dismissed without prejudice.

3

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

**IT IS SO ORDERED.**

**DATED: November 21, 2012**

<u>s/ MICHAEL J. REAGAN</u>
Michael J. Reagan
United States District Judge
